IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO.  17-06915 |
| JORGE LUIS LOPEZ MARRERO | CHAPTER 13 |
| Debtors | |
| JORGE LUIS LOPEZ MARRERO | ADV. PROC. 18-0070 |
| Plaintiff(s) | |
| vs. | |
| WILLIAM PAGAN SANCHEZ D/B/A WILLGRE CORPORATION | |
| Defendant | |

OPINION AND ORDER

This case is before the court upon the motion for summary judgment filed by the defendants and the opposition thereto filed by the debtor/plaintiff.  Defendants pray for the dismissal of the complaint as the debtor/plaintiff "has no legal right or claim to the nonresidential real property in this case, the property is not considered 'property of the estate', and there can be no violation of the stay for recovery of possession by the defendant." Debtor/plaintiff alleges that "most, if not all, of the essential elements of defense of Defendant raised in the Motion for Summary Judgment are disputed." Plaintiff sustains that defendants' actions before the state court to collect a prepetition debt violate the automatic stay provisions of section 362(a) of the Bankruptcy Code.  The motion for summary judgment includes supporting documentation for all alleged relevant and material facts.  Plaintiff's opposition does not include any documents in support of the alleged dispute as to material facts.

The case came before the court on October 19, 2018 for a status conference and the pending motion for summary judgment was argued. Plaintiff restated the arguments in the

-1-

opposition and did not supplement the opposition with any supporting documentation or statements.

The following facts are uncontested:

1. On October 1, 2013 the parties to this action executed a written contract for the month to month lease of retail space in the commercial space at Bayamón Gardens Shopping Center.

2. On October 24, 2017 defendant filed a collection and eviction action against the plaintiff before the Superior Court of Puerto Rico, Bayamón Part, case number DPE 2017-0511. Summons and citation were issued scheduling a hearing for November 21, 2017 at 9:30 AM.

3. On November 20, 2017 the Debtor filed a petition under chapter 13 of the Bankruptcy Code.

4. The state court minutes for the November 21, 2017 hearing show that the debtor appeared pro se and informed the court that he cannot work at the facilities due to lack of electricity and that he had filed for bankruptcy. The attorney for the defendants who appeared at the hearing informed that they were not interested in collecting the amounts owed and only wanted the eviction. Debtor asked for five-month period to surrender the property and the defendants agreed to grant the debtor until December 31, 2017. The state court granted the debtor until December 31, 32017 to surrender the property, and upon failure to do so the eviction should be requested.

5. The sworn statement submitted by defendant corporation's president declares that the Debtor voluntarily surrendered the premises on December 31, 2017 and that the defendant never requested a writ of execution. There is no statement contradicting this fact.

### **Jurisdiction**

This court has subject matter jurisdiction under 28 U.S.C. §§ 1334(b), 157(a) and 157(b)(1). This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper under 28 U.S.C. §§ 1408 and 1409.

### **Standard for Motion for Summary Judgment**

Rule 56 of the Federal Rules of Civil Procedure is applicable to this proceeding by Rule 7056 of the Federal Rules of Bankruptcy Procedure. Summary judgment should be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Bankr. P. 7056; see also, In re Colarusso, 382 F.3d 51 (1st Cir. 2004), citing Celotex Corp. v. Catrett, 477 U.S. 317, 322–323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

"The summary-judgment procedure authorized by Rule 56 is a method for promptly disposing of actions in which there is no genuine issue as to any material fact or in which only a question of law is involved." Wright, Miller & Kane, Federal Practice and Procedure, 3d, Vol 10A, § 2712 at 198. "Rule 56 provides the means by which a party may pierce the allegations in the pleadings and obtain relief by introducing outside evidence showing that there are no fact issues that need to be tried." Id. at 202–203. Summary judgment is not a substitute for a trial of disputed facts; the court may only determine whether there are issues to be tried, and it is improper if the existence of a material fact is uncertain. Id. at 205–206.

Summary judgment is warranted where, after adequate time for discovery and upon motion, a party fails to make a showing sufficient to establish the existence of an element essential to its case and upon which it carries the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The moving party must "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

For there to be a "genuine" issue, facts which are supported by substantial evidence must be in dispute, thereby requiring deference to the finder of fact. Furthermore, the disputed facts must be "material" or determinative of the outcome of the litigation. Hahn v. Sargent, 523 F.2d 461, 464 (1st Cir. 1975), cert. denied, 425 U.S. 904, 96 S.Ct. 1495, 47 L.Ed.2d 754 (1976). When considering a petition for summary judgment, the court must view the evidence in the light most

favorable to the nonmoving party. Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464, 473, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962); Daury v. Smith, 842 F.2d 9, 11 (1st Cir. 1988).

The moving party invariably bears both the initial as well as the ultimate burden in demonstrating its legal entitlement to summary judgment. Adickes v. Kress & Co., 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). See also López v. Corporación Azucarera de Puerto Rico, 938 F.2d 1510, 1516 (1st Cir. 1991). It is essential that the moving party explain its reasons for concluding that the record does not contain any genuine issue of material fact in addition to making a showing of support for those claims for which it bears the burden of trial. Bias v. Advantage International, Inc., 905 F.2d 1558, 1560–61 (D.C. Cir. 1990), cert. denied, 498 U.S. 958, 111 S.Ct. 387, 112 L.Ed.2d 397 (1990).

The moving party cannot prevail if any essential element of its claim or defense requires trial. López, 938 F.2d at 1516. In addition, the moving party is required to demonstrate that there is an absence of evidence supporting the nonmoving party's case. Celotex, 477 U.S. at 325, 106 S.Ct. 2548. See also Prokey v. Watkins, 942 F.2d 67, 72 (1st Cir. 1991); Daury, 842 F.2d at 11. In its opposition, the nonmoving party must show genuine issues of material facts precluding summary judgment; the existence of some factual dispute does not defeat summary judgment. Kennedy v. Josephthal & Co., Inc., 814 F.2d 798, 804 (1st Cir. 1987). See also, Kauffman v. Puerto Rico Telephone Co., 841 F.2d 1169, 1172 (1st Cir. 1988); Hahn, 523 F.2d at 464. A party may not rely upon bare allegations to create a factual dispute but is required to point to specific facts contained in affidavits, depositions and other supporting documents which, if established at trial, could lead to a finding for the nonmoving party. Over the Road Drivers, Inc. v. Transport Insurance Co., 637 F.2d 816, 818 (1st Cir. 1980).

The moving party has the burden to establish that it is entitled to summary judgment; no defense is required where an insufficient showing is made. López, 938 F.2d at 1517. The nonmoving party need only oppose a summary judgment motion once the moving party has met its burden. Adickes, 398 U.S. at 159, 90 S.Ct. 1598.

In this case the plaintiff has failed to rebut or reasonably question the uncontested facts proffered by the defendants in the motion for summary judgment. Plaintiff has failed to present evidence in support of the conclusory allegations that the defendants engaged in any post-petition collection action or moved for the eviction of the Debtor after the hearing held on November 21, 2017 before the Superior Court of Bayamón. In fact, the minutes of said state court hearing show that defendants were not interested in collecting amounts due and were only interested in recovering the property. To such effects the requests by the debtor to surrender the property were accommodated. Consequently, the uncontested facts warrant that judgment be entered as a matter of law.

### **Discussion**

The key issue to determine in this case is whether the lease of nonresidential property was validly terminated before the filing of the bankruptcy petition. If the nonresidential real property lease terminated prepetition, then any action by the lessor to obtain possession of the property is excepted of the automatic stay provisions of § 362(a) under the exception in § 362(b)(10)[1] and the same is not property of the estate under § 541(b)(2)[2]. The court finds and concludes that the month to month lease of nonresidential real property expired prepetition and, thus, there is no stay violation under the above cited sections of the Bankruptcy Code.

The Civil Code of Puerto Rico establishes that obligations created by contracts have legal force between the contracting parties. 31 L.P.R.A. §§ 2992, 2994. The Civil Code of Puerto Rico also provides that a month to month lease contract ceases every month without requiring any special request to so declare as the lease terminates automatically every month. 31 L.P.R.A. § 4092; Elsie J. Rodríguez v. Pablo Álvarez Zumaquero, 92 D.P.R. 52 (1965).

---

[1] Section 362(b)(10) provides that the filing of a petition does not operate as a stay- "(10) under subsection (a) of this section, of any act by a lessor to the debtor under a lease of nonresidential real property that has terminated by the expiration of the stated term of the lease before the commencement of or during a case under this title to obtain possession of such property;".

[2] Section 541(b)(2) states that property of the estate does not include- "(2) any interest of the debtor as a lessee under a lease of nonresidential real property that has terminated at the expiration of the stated term of such lease before the commencement of the case under this title, and ceases to include any interest of the debtor as a lessee under a lease of nonresidential real property that has terminated at the expiration of the stated term of such lease during the case;".

In this case the lease contract terminated by the stated terms of the lease as it was a month to month contract.  Thus, it is not property of the estate under § 541(b)(2).  In re Indiana Hotel Equities, LLC, 586 B.R. 870, 877 (Bankr. E.D. Mich. 2018).  Because the termination is based on the stated terms of the written contract, there is no need to determine if it was validly terminated pre-petition.  See In re Southcoast Exp., Inc. 337 B.R. 739 (Bankr. Ma. 2006); In re Chase Monarch Intern. Inc., 581 B.R. 715 (Bankr. P.R. 2018).

Furthermore, an expired contract may not be assumed by a debtor post-petition, In re Boricua Motors Corp., 77 B.R. 358 (Bankr. P.R. 1987); nor can it be resurrected by a bankruptcy petition.  In re Santos Borrero, 75 B.R. 141 (Bankr. P.R. 1987). 11 U.S.C. § 365(c)(3)[3].

### Conclusion

In view of the foregoing, the defendants' motion for summary judgment is granted.  The instant adversary proceeding is hereby dismissed as the actions by the defendants are excepted from the automatic stay provisions of section 362(a) pursuant to section 362(b)(10), the lease of nonresidential real property is not property of the estate as it is excepted under section 541(b)(2), and the contract may not be assumed under section 365(c)(3).

Judgment will be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 22nd day of October 2018.

Enrique S. Lamoutte
United States Bankruptcy Judge

---

[3] Pursuant to section 365(c)(3) the trustee (debtor in possession) may not assume or assign any executory contract or unexpired lease of the debtor, whether or not such contract or lease prohibits or restricts assignment of rights or delegations of duties, if- "(3) such lease is of nonresidential real property and has been terminated under applicable nonbankruptcy law prior to the order for relief."